IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEA ANN LYNCH,

        Plaintiff,

v.

UNITED STATES CONGRES,

        Defendant.

No. 3:17-cv-00704-HZ

OPINION & ORDER

Lea Ann Lynch
P.O. Box 3195
Oregon City, OR 97045

    Plaintiff Pro Se

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Lea Lynch brings this action against the United States Congress. Plaintiff moves to proceed *in forma pauperis* (IFP) and she moves for appointment of counsel. While Plaintiff's IFP application lacks the requisite detail for this Court to determine whether Plaintiff qualifies, the Court grants the motion for the limited purpose of this initial review of Plaintiff's

1- OPINION & ORDER

Complaint. The Court dismisses the Complaint with prejudice and denies Plaintiff's motion for appointment of counsel.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

>(B) the action or appeal–
>      (i) is frivolous or malicious;
>      (ii) fails to state a claim on which relief may be granted; or
>      (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

///

# DISCUSSION

## I. Allegations

Plaintiff brings this case against all of the members of the United States Congress. She provides the following statement of her claim:

> As I stated above, and the U.S. tax payer for this health care while the U.S. Congress take lobbing money from health insurances companies while vote against what the American people want, especially people with pre-existing health issues[.]

Compl. 5, ECF 2.

Plaintiff does not allege a basis for jurisdiction in this Court. *Id.* at 3-4. As to the amount in controversy, she states: "U.S. Congress has best health care in America let them pay for their own insurance 1 million from each member." *Id.* at 5. As to relief sought, she writes: "I have to have insurance, because of my health issues, I'm currently on Medicaid. If I lose Medicaid I could die. The U.S. Congress lifes are not worth more than mine." *Id.* at 6.

## II. Pleading Standard

The Federal Rules of Civil Procedure describe "a liberal system of 'notice pleading.'" *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, (1993). This notice pleading system "requires a complaint to contain (1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting Rule 8(a)).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not

do. . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation omitted).

The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." *Id.*

Here, Plaintiff fails to assert a "short and plain statement" of her claim. Plaintiff's statements of her claim and the relief sought are so lacking in specific factual content that the Court cannot draw a reasonable inference that Defendant is liable for misconduct. Thus, the Complaint fails to state a claim under *Iqbal*.

### III. Jurisdiction

Rule 8 requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal jurisdiction may be based on the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, a plaintiff must plead that the defendant has violated some constitutional or statutory provision. Diversity jurisdiction requires that all plaintiffs be of different state citizenship than all defendants and the damages must be more than $75,000. *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939).

In her Complaint, Plaintiff does not indicate any basis for jurisdiction.[1] Therefore, this Court lacks subject matter jurisdiction and must dismiss the Complaint. *See* Fed. R. Civ. P.

---

[1] On her Civil Cover Sheet, Plaintiff states that she brings a racketeering claim but that she does not know which statute applies. Compl. Ex. 1, ECF 2-1. Even if this Court construed her Complaint as asserting

4- OPINION & ORDER

12(h)(3) (court is required to dismiss an action if the court determines that it lacks subject matter jurisdiction); *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003).

## IV. Immunity

To the best of this Court's understanding, Plaintiff seeks to sue Congress for receiving money from health insurance company lobbyists while simultaneously voting on health care issues. Even if Plaintiff could satisfy the Rule 8 and jurisdictional requirements to bring a case in this Court, her claim would fail because Congress is entitled to immunity.

The Speech and Debate Clause of Article I of the Constitution provides that "[t]he Senators and Representatives . . . shall not be questioned in any other Place" for "any Speech or Debate in either House." U.S. Const. Art. I, § 6, cl. 1. The Supreme Court has interpreted the scope of the Speech and Debate Clause broadly to effectuate its purpose of protecting "the integrity of the legislative process by insuring the independence of individual legislators." *Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 501 (1975). In *Eastland,* the Court held that in determining whether the acts of members of Congress are protected by immunity, the court looks solely to whether or not the conduct falls within the "sphere of legitimate legislative activity." *Id.* If the conduct falls within this sphere, Congress is absolutely immune from being "questioned in any other Place." *Id.*

"In determining whether particular activities other than literal speech or debate fall within the 'legitimate legislative sphere' [the Court] looks to see whether the activities took place 'in a session of the House by one of its members in relation to the business before it.'" *Id.* (quoting *Kilbourn v. Thompson*, 103 U.S. 168, 204 (1880)). In other words, the Court determines whether

---

jurisdiction based on the invocation of a federal racketeering statute, Plaintiff's Complaint fails for all of the other reasons discussed in this Opinion & Order.

5- OPINION & ORDER

the activities are "'an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House.'" *Id.* at 504 (quoting *Gravel v. United States*, 408 U.S. 606, 625 (1972).

Voting on health care legislation plainly falls within the "sphere of legitimate legislative activity." *See Kilbourn v. Thompson,* 103 U.S. at 202–204 (interpreting the Speech and Debate Clause to provide immunity to members of Congress for "the act of voting" and other "things generally done in a session of the House"). The fact that members of Congress may be influenced by health insurance company lobbyists does not render them subject to suit. As the Supreme Court has explained, "[i]f the mere allegation that a valid legislative act was undertaken for an unworthy purpose would lift the protection of the Clause, then the Clause simply would not provide the protection historically undergirding it." *Eastland,* 421 U.S. at 508–09; *see also Newdow v. U.S. Congress,* 328 F.3d 466, 484 (9th Cir. 2003), *rev'd on other grounds sub nom., Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1 (2004). Because Plaintiff's allegations pertain only to the legislative acts of Congress, members of Congress are absolutely immune. *See, e.g.*, *Subramaniam v. Beal,* No. 3:12-CV-01681-MO, 2013 WL 5462339, at *3 (D. Or. Sept. 27, 2013) (dismissing case against Senator Gramm because the only allegations against him pertained to his legislative activities as a United States Senator).

V. **Standing**

Finally, Plaintiff's case must be dismissed because she lacks standing. "A threshold question in every federal case is . . . whether at least one plaintiff has standing." *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009) (citation and quotation marks omitted). Standing

requires a plaintiff to allege "such a personal stake in the outcome of the controversy as to warrant [the] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers[.]" *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To demonstrate standing, a plaintiff must show (1) she suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) the injury is fairly traceable to the defendant's challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff must support each element of the standing test "with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561. Accordingly, at the motion to dismiss stage "general allegations" suffice to establish standing because those allegations are presumed to "embrace those specific facts that are necessary to support the claim." *Id.* (citation and quotation marks omitted).

Here, Plaintiff alleges that if she loses her Medicaid coverage, she could die. While the Court is sympathetic to Plaintiff's fears, she fails to show that she has suffered any injury or that any injury is imminent. Thus, she lacks standing.

## VI. Leave to Amend

For all of the reasons above, the Complaint must be dismissed. Additionally, because Defendants are immune from suit and Plaintiff lacks standing, the Complaint is dismissed with prejudice, as amendment would be futile. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *but see Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend is properly denied "if amendment would be futile").

///

**VII.    Motion to Appoint Counsel**

Finally, Plaintiff moves for a court-appointed attorney. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. United States Dist. Ct. of Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and the ability of the party to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335-36. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, it is inappropriate to consider Plaintiff's request when the Court is dismissing the case. The Court denies the motion for appointment of counsel.

///

///

///

## CONCLUSION

Plaintiff's application for leave to proceed IFP [1] is granted. Plaintiff's motion for appointment of counsel [3] is denied. Plaintiff's Complaint [2] is dismissed with prejudice.

IT IS SO ORDERED.

Dated this \_\_\_\_10\_\_\_\_ day of \_\_\_May\_\_\_, 2017

\_\_\_\_Marco Hernández\_\_\_\_
MARCO A. HERNÁNDEZ
United States District Judge